ORDERED in the Southern District of Florida on 07/26/07



_____
Raymond B. Ray, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:                                                           Case No. 07-10078-BKC-RBR

Rassem Amash,                                                    Chapter 7

      Debtor

_____/

Felicia S. Turner,
United States Trustee
                                                                 Adv No. 07-1176
      Plaintiff

v.

Rassem Amash

      Defendants.

_____/

## MEMORANDUM OPINION SUSTAINING OBJECTION TO DEBTOR'S DISCHARGE

THIS MATTER came before the Court for trial on July 10, 2007, on the Complaint (C.P.1)

filed by the United States Trustee, Felicia S. Turner, *Objecting to the Discharge of the Debtor,*

*Rassem Amash, pursuant to 11 U.S.C. §727*[1]. After considering the testimony of the Debtor, Rassem Amash, the exhibits in evidence, and the applicable law, the Court sustains the objection to discharge for the reasons that follow.

### Findings of Fact:

The Debtor is an Israeli citizen who has been granted permanent legal status in the United States. On January 6, 2007, the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Kenneth Welt was appointed the trustee and a §341 Meeting of Creditors was held and concluded on February 6, 2007.

An examination of the bankruptcy schedules in this case reveals the following information. The Debtor had $1,652.00 in personal property. He has no interest in real property. His liabilities on schedule F, which is for "Creditors holding Unsecured Nonpriority Claims" total $145,188.00 spread over 15 credit cards. Almost all of these cards were opened in 2005 and 2006. He also includes a private loan in the amount of $38,542.00 and $9,738.00 in student loans.

His current income was listed as $693.34 per month and expenses of $720.00 per month. He currently lives with friends and is employed as a part time substitute teacher by the Broward County Schools.

The Debtor contends that the vast majority of this debt was incurred during his extensive schooling. He has been in the educational system as either a full or part time student since at least 1992. He holds a bachelor's degree and a master's degree in economics from the University of Frankfurt, Germany. He also has an MBA from National University in California and he recently received a Ph.D from Nova Southeastern University in 2005.

The Debtor's income tax returns reveal that he never made over $7,000.00 in the three

---

[1] All future statutory references are to *11 U.S.C. §101 et seq.* unless otherwise stated.

years preceding bankruptcy.  He contends, however, that Nova Southeastern had assured him that he could expect to earn an income of more then $100,000.00 upon the completion of his Ph.D.   The Debtor presented no corroborating evidence of this "assurance" by Nova Southeastern.  Up to this point the Debtor has been unable to obtain a job in his field.

Interestingly, the Debtor's immigration history appears to be relevant. The Debtor first obtained access to the United States on an F-1 Student Visa. He continued to maintain temporary status in one capacity or another until 2007. It is curious that Mr. Amash, facing a crushing amount of credit card debt, did not file bankruptcy until after he had secured his green card.  In fact, he filed in January of 2007, which was no more then a few weeks after he received his green card.

An even more troubling picture emerges when this immigration time line is superimposed over Mr. Amash's spending time line.  Mr. Amash stopped spending on his credit cards on the summer months of 2006, which was right around the time he received notice that he would be getting a green card, although the actual card did not arrive until early 2007. Therefore it appears that Mr. Amash is seeking to discharge his extensive debts and then start fresh with his Ph.D and green card.

Mr. Amash was able to present few, if any, financial documents. His inability to produce credit card statements was particularly appalling. Especially since he should be receiving some 15 credit card bills per month. Mr. Amash should be subject to credit card collection. However, he has not been sued by a single unsecured creditor, therefore he must still be receiving, up through the petition date,  monthly bills requesting payment.  Another problem with the lack of credit card bills is that Mr. Amash is unable to support his claims that he used the cards for his basic living expenses and school related expenditures.

Based on these facts, the United States Trustee objects to Mr. Amash receiving a discharge.

## Conclusions of Law:

The U.S. Trustee has sought to deny the Debtor's discharge pursuant to §727(a)(2)(A), (a)(3) and (a)(5).  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334(b). This matter is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(J).

The U.S. Trustee bears the burden to demonstrate by preponderance of the evidence that the elements of §727 warranting a denial of discharge are met. *See* FED. R. BANKR. P. *4005; In re: Chalik,* 748 F.2d 616, 619 (11th Cir. 1984)(noting that the original burden is on the objecting party); *accord Furr v. Lordy (In re Lordy),* 214 B.R. 650, 664 (Bankr. S.D. Fla 1997)(noting that the standard of proof in a §727 denial of discharge action is preponderance of the evidence)(citing *Grogan v. Garner,* 498 U.S. 279, 112 L. Ed. 2d 755, 111 S. Ct. 654 (1991)).

## U.S. Trustee's §727(a)(2) Claim

In order to successfully deny a debtor's discharge under §727(a)(2)(A) the U.S. Trustee must establish that:

> the debtor, with intent to hinder, delay or defraud a creditor or
> an officer of the estate charged with custody of property under
> this title, has transferred, removed, destroyed, mutilated, or
> concealed, or has  permitted to be transferred, removed, destroyed,
> mutilated, or concealed–
> (A) property of the debtor, within one year before the date of the
> filing of the petition;

The first requirement of §727(a)(2)(A) is that the debtor must act "with intent to hinder, delay or defraud a creditor.." . The debtor's intent may be inferred from extrinsic evidence. *See Furr v. Lordy (In re: Lordy),* 214 B.R. 664 (citing *In re: Allen,* 203 B.R. 786 (Bankr. M.D. Fla. 1996); *In re: Mackey,* 158 B.R. 509, 512 (Bankr. M.D. Fla. 1993); *In re: Elliott,* 79 B.R. 944, 946 (Bankr. M.D. Fla. 1987)).  Courts normally inspect the following "badges of fraud" to determine

if the debtor acted with the requisite intent: (1) the objecting creditor had a "special equity" in the property converted; (2) the debtor and the transferee maintained a close relationship; (3) the debtor's possession, benefit, or use of the property; (4) the debtor engaged in a "sharp practice" of dealing prior to filing bankruptcy; (5) the debtor became insolvent as a result of the transfers; (6) the conversion occurred after the entry of a judgment; and (7) the debtor received inadequate consideration. *Furr v. Lordy (In re: Lordy)*, 214 B.R. 664 (citations omitted).

None of these badges have been proven by the U.S. Trustee. The only one that is even applicable is the fifth one and the U.S. Trustee has also failed to meet her burden on this badge. The U.S. Trustee asserts that there is no way a person spends so much on credit cards and within such a short period of time and is left with no tangible goods. However, it is the U.S. Trustee's burden to show, not only that the Debtor spent money that made him insolvent, but that the goods or assets purchased with the money have been moved or destroyed in an attempt to hinder creditors. Unfortunately, there is no evidence as to what Mr. Amash spent his money on, let alone that he transferred the purchased items to anyone else.

Based on the foregoing the U.S. Trustee has failed to establish that the Debtor acted "with intent to hinder, delay or defraud a creditor..." Consequently, the U.S. Trustee's §727(a)(2) Objection to Discharge must be denied.

## U.S. Trustee's §727(a)(3) Claim

The U.S. Trustee also objects pursuant to §727(a)(3). In order to successfully object to discharge under §727(a)(3) the U.S. Trustee must establish by a preponderance of the evidence that:

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The relevant test for a §727(a)(3) action is whether the debtor's financial papers and disclosures are sufficient to enable the creditors and trustee to ascertain the debtor's financial condition and material business transactions. *See In re Fink*, No.CV185-51, 1986 U.S. Dist. LEXIS 17858, at *13 (S.D. Ga.  Nov. 10, 1986);*Citrus & Chem. Bank v. Floyd (In re: Floyd)*, 322 B.R. 205, 213 (Bankr. M.D. Fla. 2005)(stating that "a plaintiff must establish (1) either that the debtor failed to keep or preserve any recorded information, or that he destroyed, mutilated, falsified, or concealed recorded information, and (2) that it is impossible to ascertain the financial condition of the debtor as a result of the debtor's conduct."); *Bakst v. Isles (In re: Isles)*, 297 B.R. 910, 915-16 (Bankr. S.D. Fla. 2003)(noting that a debtor has "an affirmative duty to provide documents that memorialize their financial history for a reasonable period past to present, and neither the trustee nor the creditors is required to ferret out the required records."); *Maxfield v. Jennings (In re Jennings)*, 349 B.R. 897, 913-14 (Bankr. M.D. Fla. 2006)(noting the requirement that the Debtor provide enough financial information for an accurate picture, but not necessarily account for every transaction).

The U.S. Trustee has met her burden to show that the Debtor failed to keep or preserve records and that it is impossible to ascertain the condition of the Debtor without these records. First, the Debtor admitted that he had very few if any credit card statements. He was unable to show how he spent even a majority of the money. This has prevented the U.S. Trustee, the Chapter 7 Trustee, and the creditors from taking action, such as bringing preference actions. Even more importantly, there is no way to know if Mr. Amash has any assets which can be used to satisfy his substantial debts. It is unfathomable in the mind of the Court that a person can spend near $100,000.00 on credit cards and not have several receipts or credit card statements as evidence of where the money was spent.

Based on the foregoing the Court concludes that the Debtor did conduct himself in such a manner as to prevent his creditors or the trustee from accurately ascertaining his financial

cpndition. As such, the U.S. Trustee has met her burden.

## U.S. Trustee's §727(a)(5) Claim

Finally the Court turns to the U.S. Trustee's objection based upon §727(a)(5). In order to

successfully object to discharge pursuant to §727(a)(4) the Trustee must establish, by a

preponderance of the evidence that:

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

To deny a debtor's discharge under § 727(a)(5), the U.S. Trustee must show that the

Mr. Amash has failed to satisfactorily explain his loss of assets. 11 U.S.C. § 727(a)(5).  If this

burden is met, the burden of proof shifts to the Debtor to satisfactorily explain the loss of

assets. Fed.R.Bankr.P. 4005; *Chalik*, 748 F.2d at 619. "To be satisfactory, an explanation must

convince the judge." *Hawley v. Cement Industries, Inc. (In re Hawley)*, 51 F.3d 246, 249 (11th

Cir. 1995) (quoting *Chalik*, 748 F.2d at 619). "Vague and indefinite explanations of losses such

as monies were spent or lost through gambling without document is unacceptable." *In re*

*Goblick*, 93 B.R. 771, 775 (Bankr. M.D. Fla. 1988). "The debtor will be required to produce

some kind of direct, specific evidence in order to defeat an objection [of discharge] based upon

failure to explain a loss of assets." *Colonial Bank v. Wynn (In re Wynn)*, 261 B.R. 286, 304

(Bankr. M.D. Ala. 2001) (quoting *Wortman v. Ridley (In re Ridley)*, 115 B.R. 731, 737 (Bankr. D.

Mass. 1990)).

In *Sackett v. Shahid (In re Shahid)*, the court denied the discharge to a debtor who failed

to account for a $25,000.00 loan.  The debtor's explanation was that he spent it, but he could

be no more specific. The court noted that it was otherwise impossible for anyone to determine

where and on what the monies were spent on.  The debtor was unable to tell the court on what

he spent it. Accordingly, the court denied the debtor's discharge pursuant to §727(a)(5).

This is a similar set of facts as are currently before me. Mr. Amash is unable to account for almost $100,000.00. He stated that he used the cards to allow him to finish his schooling. Yet there is not a single statement before the Court which shows expenditures on textbooks, tuition or any other school related expense. In fact, Mr. Amash is unable to account where the money was spent.

Based on the foregoing the Court grants  the U.S. Trustee's Objection to Discharge pursuant to §727(a)(5).

A separate Final Judgement in accordance with FED. R. BANKR. P. 9021 shall be entered contemporaneously herewith.

Copies to:

U.S. Trustee
Rassem Amash
John D Bristol, Esq
Kenneth A Welt, Trustee